Shauck, J.
The case permits the concession to the plaintiffs in error that the contract signed by them did not constitute them partners, and that it did not constitute Huxley and Briggs, or either of them, general agents with authority to bind the creditors beyond the scope of the purposes indicated by the contract. This concession includes all that can be claimed for most of the principles stated and the authorities cited in the brief of their counsel.
By their exceptions to the rulings of the trial judge with respect to the instructions which should be given and refused, and with respect to the evidence which should be admitted or excluded they have laid the foundations for two propositions, one or the other of which it is incumbent upon them to maintain. One of these is that the contract which they signed did not authorize Huxley or Briggs, or either of them,. to contract obligations in the conduct of the business which might be asserted against them. That proposition regards only those terms of the contract which contemplated that the assets of Briggs were to pass into the control of the trustee to be by him converted into money to be applied to the discharge of his indebtedness to the several creditors who executed the contract. But it wholly excludes from consideration the stipulation that the trustee *206 should “take charge of the said lumber business, complete all outstanding contracts and pay all necessary running expenses of said business.” It was in furtherance of the purpose thus expressly defined and authorized that Huxley contracted the obligation upon which the plaintiff counted in the original petition.
A proposition suggested by the exceptions taken upon the trial by the plaintiffs in error, and urged in the brief of their counsel, is, that if the terms of their written contract, considered alone, should be deemed sufficient to create the suggested liability for purchases made in the conduct of the business, the written terms should be treated as modified by the contemporaneous parol understanding that the signers of the contract should not be so bound. This is said to be so because the rule that written contracts cannot be varied by parol obtains only between the parties to the instrument. Although Huxley was denominated a trustee he was in the relation called in question here the agent of the plaintiffs in error for the conduct of the business, and the written contract was his letter of authority. It was in his possession for the purpose of obtaining credit, and it was so used by him in this instance. Certainly the plaintiffs in error are estopped to assert a limitation upon the written authority with which they clothed their agent by proof of a parol understanding neither carried into the instrument nor- communicated to one who relied upon it.

Judgment affirmed..

Spear, C. J., Davis, Price, Johnson and Donahue, JJ., concur.